107 F.3d 871
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Emory CHILES, Defendant-Appellant.
 No. 95-4302.
 United States Court of Appeals, Sixth Circuit.
 Feb. 19, 1997.
 
 Before: SILER, COLE, Circuit Judges; and VAN GRAAFEILAND, Circuit Judge.*
 PER CURIAM.
 
 
 1
 Defendant Emory Chiles appeals his sentence of 38 months' imprisonment followed by a term of three years supervised release for his conviction for possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1). For the following reasons, we affirm the district court.
 
 I.
 
 2
 Early in 1994, police detectives in the city of Steubenville, Ohio began an investigation of defendant Emory Chiles after receiving information that he and his cousin and co-defendant, Rodney Stevenson, were selling drugs in a government housing development in Steubenville.[1] On July 2, 1994, police officers observed a blue Chevrolet which matched the description of an automobile that was involved in a drive-by shooting in late June, 1994. The police were unable to stop the Chevrolet and a chase ensued. Eventually, the police trapped the Chevrolet after it turned down a dead-end street. Chiles, a passenger, initially gave the police a false name and was arrested for "falsification." At the police station, officers searched Chiles who had 3.4 grams of cocaine base in his possession.
 
 
 3
 Chiles was charged with conspiracy to distribute cocaine base and possession with the intent to distribute cocaine base. Chiles pleaded guilty to the charge of possession. At the sentencing hearing, Chiles objected to his sentence being calculated based on the offense level of 22 which was recommended in his Presentence Report. Chiles argued that the disparity between the offense levels for cocaine base and cocaine powder violated the United States Constitution. He asserted that the correct offense level for his violation of 21 U.S.C. § 841(a)(1) should have been 12, which was the corresponding base offense level for the possession of 3.4 grams of powder cocaine. The district court overruled his objection and sentenced the defendant to 38 months imprisonment followed by a term of three years supervised release. Defendant is currently serving the sentence imposed.
 
 II.
 
 4
 We review constitutional challenges to sentences imposed as questions of law under a de novo standard of review. United States v. Smith, 73 F.3d 1414, 1416 (6th Cir.1991); United States v. Knipp, 963 F.2d 839, 843 (6th Cir.1992). The Anti-Drug Abuse Act of 1986, P.L. 99-570, 100 Stat. 3207 ("the Act") provides a substantially stiffer sentence for possession with intent to distribute cocaine base than for possession with the intent to distribute the same amount of cocaine powder. Cf. 21 U.S.C. § 841(b)(1)(B)(ii) with 21 U.S.C. § 841(b)(1)(B)(iii). The United States Sentencing Guidelines provide that a single gram of cocaine base shall be counted as 100 grams of cocaine powder for the purposes of sentencing. U.S.S.G. § 2D1.1(a)(3), Drug Equivalency Table (cross referenced from U.S.S.G. § 2D2.1(b)). Chiles's only challenge to the sentence he received under the Act is whether the 100:1 ratio is constitutional.
 
 
 5
 Defendant argues that the Act's increased sentencing for possession with the intent to distribute cocaine base violates the prohibitions against disproportionate sentencing as interpreted under the prohibition against cruel and unusual punishment in the Eighth Amendment and also violates the Equal Protection clause of the Fourteenth Amendment. Moreover, defendant argues that the increased sentencing for possession with intent to distribute cocaine base is unconstitutionally vague because the Act does not specifically define cocaine base.
 
 
 6
 The constitutionality of § 2D1.1, enhancing sentences imposed for possession of crack cocaine compared to cocaine powder, is well settled in the Sixth Circuit. This circuit has upheld § 2D1.1 against constitutional challenges based on vagueness, the Equal Protection clause of the Fourteenth Amendment and the Eighth Amendment's prohibition against cruel and unusual punishment. See United States v. Levy, 904 F.2d 1026 (6th Cir.1990) (the Act's enhanced sentencing ratio of 1 to 100 for crack cocaine to cocaine powder does not violate the Eighth Amendment), cert. denied, 498 U.S. 1091 (1991); United States v. Pickett, 941 F.2d 411, 418 (6th Cir.1991) (the Act's enhanced sentencing ratio of 1 to 100 for crack cocaine to cocaine powder does not violate either substantive due process or the Eighth Amendment); United States v. Avant, 907 F.2d 623 (6th Cir.1990) (the Act's enhanced sentencing ratio of 1 to 100 for crack cocaine to cocaine powder does not violate the Equal Protection clause of the Fourteenth Amendment or the prohibition against cruel and unusual punishment in the Eighth Amendment); United States v. Smith, 73 F.3d 1414 (6th Cir.1996) (the Act's enhanced sentencing ratio of 1 to 100 for crack cocaine to cocaine powder is not unconstitutionally vague); United States v. Williams, 962 F.2d 1218 (6th Cir.1992) (the Act's enhanced sentencing ratio of 1 to 100 for crack cocaine to cocaine powder does not violate the Equal Protection clause of the Fourteenth Amendment); and United States v. Tinker, 985 F.2d 241 (6th Cir.1992) (the Act's enhanced sentencing ratio of 1 to 100 for crack cocaine to cocaine powder does not violate substantive due process or the Equal Protection clause of the Fourteenth Amendment). We adhere to that precedent and therefore reject Chiles's assignment of error. Avant, 73 F.3d at 1418.
 
 III.
 
 7
 Accordingly, we affirm the district court's order sentencing defendant Emory Chiles to 38 months imprisonment followed by a term of three years supervised release.
 
 
 
 *
 The Honorable Ellsworth A. Van Graafeiland, United States Circuit Judge for the Second Circuit, sitting by designation
 
 
 [1]
 Confidential informants stated that Chiles and his co-defendant were from New York City and that the two traveled back and forth between New York and Steubenville in furtherance of their drug-trafficking activities. J.A. at 19