*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2003 FED App. 0412P (6th Cir.)
File Name: 03a0412p.06

# UNITED STATES COURT OF APPEALS

### FOR THE SIXTH CIRCUIT

_____

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

            *v.*                            No. 01-5309

JUAN OLAN-NAVARRO,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Tennessee at Memphis.
No. 00-20139—Bernice B. Donald, District Judge.

Argued: September 17, 2003

Decided and Filed: November 21, 2003

Before: SUHRHEINRICH, COLE, and ROGERS, Circuit
                        Judges.

_____

### COUNSEL

**ARGUED:** Chad A. Readler, JONES DAY, Columbus,
Ohio, for Appellant. Joseph C. Wyderko, UNITED STATES
DEPARTMENT OF JUSTICE, CRIMINAL DIVISION,
APPELLATE SECTION, Washington, D.C., for Appellee.
**ON BRIEF:** Chad A. Readler, JONES DAY, Columbus,
Ohio, for Appellant. Joseph C. Wyderko, UNITED STATES

DEPARTMENT OF JUSTICE, CRIMINAL DIVISION,
APPELLATE SECTION, Washington, D.C., Tracy L. Berry,
ASSISTANT UNITED STATES ATTORNEY, Memphis,
Tennessee, for Appellee.

ROGERS, J., delivered the opinion of the court, in which
SUHRHEINRICH, J., joined. COLE, J. (p. 6), delivered a
separate concurring opinion.

_____

### OPINION

_____

ROGERS, Circuit Judge. On November 27, 2000, Juan
Olan-Navarro pleaded guilty to illegally reentering the United
States after having been deported in violation of 8 U.S.C.
§ 1326. The district court sentenced Olan-Navarro to
incarceration for fifty-seven months and two years of
supervised release, and imposed a special assessment of $100.
The Assistant Federal Public Defender who had been
appointed to represent Olan-Navarro in the district court filed
a timely notice of appeal and subsequently, in accordance
with *Anders v. California*, 386 U.S. 738 (1967), filed a
motion to withdraw and a brief explaining his conclusion that
there were no non-frivolous issues that Olan-Navarro could
assert on appeal. This court ordered that Olan-Navarro be
appointed new counsel and directed counsel to brief the
question "Should a criminal defendant be represented on
appeal by the same counsel who represented the defendant at
his guilty plea hearing or trial when that counsel proposes to
file an *Anders* brief on behalf of the defendant?" Newly
appointed counsel for Olan-Navarro has also briefed two
other issues: (1) "Does trial counsel's service of an *Anders*
brief on the Government undermine the adversarial system or
violate the criminal defendant's Sixth Amendment rights?";
and (2) "Does Olan-Navarro's fifty-seven month sentence
violate the Eighth Amendment's prohibition against cruel and
unusual punishment?" We affirm without reaching the

question of whether to impose new requirements on the court's *Anders* procedures.

Olan-Navarro advances two arguments in support of his contention that the court should appoint new appellate counsel whenever court-appointed trial counsel files or proposes to file an *Anders* brief. First, Olan-Navarro contends that the appointment of new counsel in such circumstances is necessary to ensure that criminal defendants receive a constitutionally-acceptable level of advocacy and representation under the Sixth Amendment of the Constitution. Second, Olan-Navarro contends that, because of its practical benefits, the court should establish such a rule pursuant to its supervisory powers.

The court finds it unnecessary to reach the question of whether the court is constitutionally required to appoint new counsel where a criminal defendant's trial counsel files or proposes to file an *Anders* brief, as Olan-Navarro has, in fact, been appointed new appellate counsel, rendering the question moot. *See, e.g. McPherson v. Mich. High Sch. Athletic Ass'n, Inc.*, 119 F.3d 453, 458 (6th Cir.1997) (en banc) ("The test for mootness is whether the relief sought would, if granted, make a difference to the legal interests of the parties. . . ." (quoting *Crane v. Ind. Athletic Ass'n,* 975 975 F.2d 1315, 1318 (7th Cir. 1992))). Newly appointed counsel in the case argues that it would be wise to require the appointment of new appellate counsel whenever trial counsel proposes to file an *Anders* brief. If so, such a rule should be proposed pursuant to our court rulemaking procedures, where considerations pro and con can best be heard and weighed, rather than in an appeal in which new counsel has already been appointed.

Similarly, the court declines to consider whether trial counsel's service of an *Anders* brief on the government violates a defendant's Sixth Amendment rights, as that question is also moot in the instant case. Even assuming that such service does violate a defendant's Sixth Amendment

rights, Olan-Navarro has already received the relief he requested to redress the alleged violation — new counsel.[1]

Finally, there is no merit to Olan-Navarro's substantive claim that his fifty-seven month sentence is so disproportionate and excessive that it violates the Eighth Amendment's prohibition against cruel and unusual punishment.[2] "The Eighth Amendment, which forbids cruel and unusual punishments, contains a 'narrow proportionality principle' that 'applies to noncapital sentences.'" *Ewing v. California*, 123 S.Ct. 1179, 1185 (2003) (plurality opinion) (quoting *Harmelin v. Michigan,* 501 U.S. 957, 996-997 (1991) (Kennedy, J., concurring in part and concurring in judgment)). The Eighth Amendment, however, does not mandate strict proportionality between crime and sentence; instead, at most, only sentences that are "grossly disproportionate" to the crime are prohibited. *Harmelin*, 501 U.S. at 1001.

---

[1] We note, however, that two circuits expressly require such service. Third Cir. Local App. R. 109.2(a) and Eleventh Cir. R. 27-1(a)(8). While the rules of the D.C. Circuit may preclude such service, *Suggs v. United States*, 391 F.2d 971, 974-75 & n.5 (D.C. Circuit 1968), counsel points to no authority holding that such service is constitutionally precluded.

[2] This Court generally reviews a constitutional challenge to a criminal defendant's sentence *de novo*. *United States v. Tarwater*, 308 F.3d 494, 517 (6th Cir. 2002). The government contends that Olan-Navarro failed to raise an Eighth Amendment challenge to his sentence in the district court, and, therefore, his should be reviewed under the "plain error" standard. *See, e.g., Johnson v. United States*, 520 U.S. 461, 466-67 (1997) (observing that appellate courts can correct errors not raised at trial if error is plain and affects substantial rights). Olan-Navarro concedes that his counsel did not make an explicit Eighth Amendment challenge, but argues that the arguments made to the district court were sufficient to preserve the error. It unnecessary to resolve the question of whether Olan-Navarro in fact raised an Eighth Amendment claim at the time of sentencing, as his claim fails even if he did.

Olan-Navarro was indicted on one count of violating 8 U.S.C. § 1326(a) and (b) for reentering the United States after being deported subsequent to the commission of an aggravated felony,[3] and pleaded guilty. Under 8 U.S.C. § 1326, Olan-Navarro faced a maximum term of twenty years of imprisonment. 8 U.S.C. § 1236(b)(2). Under the United States Sentencing Guidelines, however, the guideline imprisonment range was fifty-seven to seventy-one months.[4] The district court sentenced Olan-Navarro to fifty-seven months, the minimum guideline sentence, as well as two years of supervised release, with the special condition that Olan-Navarro be immediately deported at the termination of his sentence. We simply cannot say that a sentence of fifty-seven months is grossly disproportionate to the crime of re-entering the United States after being deported subsequent to the commission of an aggravated felony.

The judgment of the district court is AFFIRMED.

---

[3] Olan-Navarro had twice before been deported after entering the United States without authorization. Prior to the first deportation, he was twice convicted of burglary of a habitation in Texas.

[4] Olan-Navarro's total offense level was twenty-one, calculated from a base offense level of eight, with a three-point reduction for acceptance of responsibility and a sixteen-level increase for being deported after a conviction for an aggravated felony. His criminal history placed him in category IV.

## CONCURRENCE

R. GUY COLE, JR., Circuit Judge, concurring. I respectfully concur in the majority opinion; however, I write separately to address the majority's conclusion that the merits of rules governing the filing of an *Anders* brief are better left to this court's rulemaking process.

Because, as the majority acknowledges, the Sixth Amendment issues surrounding the trial counsel's filing of an *Anders* brief are moot, the merits of those claims are beyond the jurisdiction of this Article III court. Any further comment pertaining to the constitutionality of current procedures governing the filing of an *Anders* brief is, therefore, nonbinding dictum. *Cf. Alexander v. Sandoval*, 532 U.S. 275, 282 (2001) ("[T]his Court is bound by holdings, not language.")

While I generally agree that new rules should be proposed and adopted in accordance with our established procedures, which include input from the legal bar, there are instances where it would be appropriate for this Court to adopt a new rule outside our established procedures. I would not foreclose the opportunity for a party to propose a new rule in the context of an appeal nor would I limit the ability of this Court to announce a new rule, if the circumstances so warranted.