**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Hector Daniel HERALDEZ–**
**ARANGURE, Defendant–**
**Appellant.**

No. 03–2130.

United States Court of Appeals,
Sixth Circuit.

April 27, 2004.

Jennifer L. McManus, U.S. Attorney's Office, Grand Rapids, MI, for Plaintiff–Appellee.

Paul L. Nelson, Federal Public Defenders Office, Grand Rapids, MI, for Defendant–Appellant.

Before: SUHRHEINRICH and GIBBONS, Circuit Judges; and LAWSON, District Judge.*

### ORDER

This is a direct appeal from a criminal judgment and commitment order in which counsel for the defendant moves to withdraw representation on appeal. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2003, Mexican national Hector Daniel Heraldez–Arangure was indicted for being in the United States without permission. The district court thereafter found Heraldez–Arangure guilty on his plea to being an alien who was illegally in the United States after having been deported subsequent to the commission of an aggravated felony, in violation of 8 U.S.C. § 1326(a). This appeal followed. Counsel for Heraldez–Arangure filed a motion to withdraw from this appeal and filed a "no merit" brief pursuant to Rule 101(f). Rules of the Sixth Circuit and *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Heraldez–Arangure was served with this motion and a copy of the brief and was invited to respond. *See Freels v. Hills,* 843 F.2d 958, 961 & n. 3 (6th Cir. 1988).

In 1999, Heraldez–Arangure was deported to Mexico following his Washington felony drug conviction. Heraldez–Arangure re-entered the United States without permission and took up residence in Michigan. He lived in Michigan until he came to the attention of local law enforcement authorities in connection with an (unproven) allegation about drug trafficking. At that time, immigration officials placed a detainer on Heraldez–Arangure, and he was thereafter indicted.

Heraldez–Arangure was provided with counsel and he subsequently entered into a plea agreement. Heraldez–Arangure agreed to plead to the indictment and the government gave its commitment not to oppose any recommendation for a reduction in Heraldez–Arangure's base offense level in recognition of his having accepted responsibility for his actions. Heraldez–Arangure could not withdraw his plea if the district court did not sentence him as

---

* The Honorable David M. Lawson, United States District Judge for the Eastern District of Michigan, sitting by designation.

anticipated and there were no other relevant terms.

The parties met with the district court to engage in the Fed.R.Crim.P. 11 plea colloquy. Heraldez–Arangure was present with his attorney and a court-appointed Spanish-language interpreter. The court satisfied itself that Heraldez–Arangure was competent to enter the plea and that he understood the charge to which he was pleading. The court then informed Heraldez–Arangure of the constitutional rights he would be forfeiting by entering a guilty plea. The court explained to Heraldez–Arangure the terms of the agreement and the penalties to which Heraldez–Arangure would be exposed. The court accepted the plea and set the matter over pending completion of a presentence report.

The parties met for sentencing and to register any objections to the recommendations contained in the pre-sentence report. Counsel for Heraldez–Arangure argued that the sixteen-level enhancement, applied to the base offense level pursuant to U.S.S.G. § 2L1.2(b)(1)(A), violated the Eighth Amendment's prohibition against cruel and unusual punishment. The court rejected this argument and declined to effect a downward departure under the general policy statement of U.S.S.G. § 5K2.0. Neither party registered any further objection to the final base offense level of twenty-one or to the criminal history category of IV, and the court heard from counsel and Heraldez–Arangure. The court sentenced Heraldez–Arangure to the lowest end of the fifty-seven to seventy-one month guideline range and imposed a three-year period of supervised release.

Counsel for Heraldez–Arangure sets forth two arguable issues for appellate review, in furtherance of his duty under *Anders,* while conceding their lack of merit. Counsel first questions whether the guilty plea was entered in conformity with Criminal Rule 11. In addition, counsel argues that the district court should have departed downward in recognition of the overly harsh, sixteen-level enhancement for the prior felony drug conviction.

■ The first arguable issue lacks merit. Review of the plea transcript reveals the district court's strict adherence to the dictates of Fed.R.Crim.P. 11(b). The parties faithfully recited in open court the terms of the skeletal plea agreement and a Spanish-language interpreter was provided for Heraldez–Arangure, an individual who is marginally conversant in English. No objections were raised to the plea proceedings, so any alleged error must be reviewed under a plain error standard. *United States v. Vonn,* 535 U.S. 55, 59, 122 S.Ct. 1043, 152 L.Ed.2d 90 (2002). A comparison of the plea transcript with Criminal Rule 11, as noted above, reflects the district court's painstaking efforts to ensure substantial compliance with the dictates of Rule 11 and to provide Heraldez–Arangure with a meaningful dialogue in this context. The district court did not commit plain error. A voluntary, unconditional guilty plea waives all non-jurisdictional defects in the proceedings. *United States v. Ormsby,* 252 F.3d 844, 848 (6th Cir.2001); *see also Tollett v. Henderson,* 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973).

■ The second issue is that the sentence was imposed in violation of law. This issue is addressed to the Eighth Amendment sentencing objection as well as the court's decision not to effect a downward departure. Counsel for Heraldez–Arangure candidly acknowledges the meritless nature of this appellate issue after this court's recent decision in *United States v. Olan–Navarro,* 350 F.3d 551 (6th Cir.2003). In *Olan–Navarro,* the court rejected a virtually identical Eighth Amendment argument made by an alien illegally

in the United States following a felony drug conviction. *Id.* at 554–55. In addition, the record clearly reflects that the district court was aware that it possessed the discretion to effect the requested downward departure, even though the court chose not to do so. As this court has held on numerous occasions, a district court's denial of a downward departure is not reviewable on appeal when the district court properly computed the guideline range, the district court was aware of his authority to depart, and the sentence was not imposed in violation of law or as a result of an incorrect application of the Guidelines. *United States v. Price*, 258 F.3d 539, 547–48 (6th Cir.2001). There is no merit to this assignment of error and no other errors are alleged or apparent.

Accordingly, the motion to withdraw representation is granted and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.