NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0554n.06
Filed: June 27, 2005

No. 04-4451

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff-Appellee,** | ) | **ON APPEAL** FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE SOUTHERN |
| | ) | DISTRICT OF OHIO |
| EMORY TAYLOR CHILES, | ) | |
| | ) | **O P I N I O N** |
| **Defendant-Appellant.** | ) | |
| | ) | |

Before: RYAN, MOORE, and COOK, Circuit Judges.

**KAREN NELSON MOORE, Circuit Judge.** Defendant-Appellant Emory Taylor Chiles

("Chiles") challenges his sentence to six months of imprisonment and two years of supervised

release following a second revocation of his supervised release. Specifically, Chiles contends that:

(1) his sentence violates the Ex Post Facto Clause, U.S. Const. Art. 1, § 9, cl. 3; (2) his sentence is

unreasonable and thus violates his right to due process; and (3) his sentence violates the Eighth

Amendment. For the reasons discussed below, we **AFFIRM** the district court's judgment.

## I. BACKGROUND

On August 16, 1995, Chiles pleaded guilty to possession with the intent to distribute cocaine

and was sentenced to 38 months of imprisonment and three years of supervised release. While

Chiles appealed his sentence, we ultimately affirmed his sentence. *See United States v. Chiles*, No.

95-4302, 1997 WL 73258 (6th Cir. Feb. 19, 1997). Chiles served his prison term and was then

imprisoned in Pennsylvania for approximately thirty months as a result of state drug crimes. Following the completion of Chiles's state sentence, Chiles's period of supervised release began. On April 27, 2001, Chiles was arrested for violating the terms of his supervised release. Chiles admitted to the violations, and his supervised release was revoked. Subsequently, Chiles was sentenced to eight months in a halfway house followed by twelve months of supervised release. Chiles served his time in the halfway house and again began serving his supervised release term.

On September 1, 2004, Chiles was arrested a second time for violating the terms of his supervised release. Chiles's probation officer contended that Chiles had violated numerous conditions of his supervised release, including: (1) failure to file monthly reports; (2) use of marijuana; (3) association with persons engaged in criminal activity; (4) charges of domestic violence for assaulting his then-girlfriend; (5) failure to notify his probation officer of his detainment by the police; (6) possession of a firearm; and (7) a charge of carrying a concealed weapon. A hearing was held at which Chiles admitted to having committed all of the alleged violations. Chiles argued, however, that there were mitigating factors which counseled against reimprisonment. Specifically as to the domestic violence charges, Chiles contended that his actions were partially justified because his girlfriend had provoked him. The government countered that Chiles was mischaracterizing at least one of the incidents of assault, and that the assault was brutal and unjustified. The government informed the district judge that it had a videotape of the assault. The district court then permitted the tape be played at the hearing. At the end of the hearing the district court concluded that Chiles had violated the terms of his supervised release. The district court sentenced Chiles to six months of imprisonment followed by an additional two years of supervised release. Chiles then filed this timely appeal.

## II. ANALYSIS

### A. Ex Post Facto Clause

Chiles contends that his sentence violates the Ex Post Facto Clause of the U.S. Constitution. Chiles appears to assert that his sentence violates the Ex Post Facto Clause because he seems to believe that the district court imposed the sentence pursuant to 18 U.S.C. § 3583(h),[1] a provision that Congress did not enact until after Chiles committed the underlying federal crimes in this case. We review de novo this claim regarding the district court's application of the supervised release statute.[2] *United States v. Marlow*, 278 F.3d 581, 583 (6th Cir.), *cert. denied*, 535 U.S. 1119 (2002).

Chiles's Ex Post Facto challenge is foreclosed by the Supreme Court's decision in *Johnson v. United States*, 529 U.S. 694 (2000). In *Johnson*, the Court addressed whether the application of 18 U.S.C. § 3583(h) violates the Ex Post Facto Clause when applied to a defendant who committed federal crimes prior to the provision's enactment on September 13, 1994. First, the Court determined that Congress had not intended for 18 U.S.C. § 3583(h) to apply retroactively. *Id.* at 701-02. Therefore the provision did not govern the sentencing of any defendant who committed his or her underlying offense prior to September 13, 1994. Second, the Court then considered whether the law prior to September 13, 1994, permitted the imposition of an additional term of supervised release following a reimprisonment for supervised release violations. The Supreme Court concluded

---

[1]Section 3583(h) states that: "When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment."

[2]Because the government does not argue that Chiles forfeited his constitutional claims by failing to raise them before the district court, we need not consider the application of the doctrine of plain error, *see, e.g., United States v. Olano*, 507 U.S. 725, 731 (1993), to Chiles's constitutional claims. Whether the plain-error standard applies or not, however, does not affect our analysis.

3

that under the prior version of 18 U.S.C. § 3583 "district courts have the authority to order terms of supervised release following reimprisonment." *Id.* at 713. Therefore the Court determined that the district court properly sentenced the defendant to an additional term of supervised release.

Applying *Johnson* to Chiles's case, we conclude that no violation of the Ex Post Facto Clause occurred. The district court had the authority to sentence Chiles to an additional period of imprisonment followed by supervised release based not upon 18 U.S.C. § 3583(h) but upon the versions of 18 U.S.C. § 3583(a) and (e)(3) which were in place at the time of his crime. *See Johnson*, 529 U.S. at 703-13 (interpreting 18 U.S.C. § 3583(a) and (e)(3) as permitting the imposition of a new term of supervised release following reimprisonment for supervised release violations). We therefore conclude that no Ex Post Facto Clause violation occurred in this case. *See Marlow*, 278 F.3d at 588 (holding that 18 U.S.C. § 3583(a) permits the imposition of a postrevocation sentence that is longer than the original term of supervised release).

**B. Reasonableness of Sentence**

We review for abuse of discretion a defendant's sentence following supervised release violations. *United States v. Washington*, 147 F.3d 490, 491 (6th Cir.), *cert. denied*, 525 U.S. 954 (1998). Normally, we affirm a district court's sentencing determination following revocation of supervised release provided that the district court has considered the relevant statutory factors and the district court's determination is not plainly unreasonable. *United States v. McClellan*, 164 F.3d 308, 309 (6th Cir.1999). In *United States v. Johnson*, 403 F.3d 813, 816-817 (6th Cir. 2005), we recognized the question of whether the "plainly unreasonable" standard for reviewing revocation of supervised release has been supplanted by the "reasonableness" standard in *United States v.*

4

*Booker*, 125 S. Ct. 738 (2005). As in *Johnson*, we need not decide this issue as the district court has satisfied both standards.

Chiles alleges that his sentence was unreasonable because: (1) the law in effect at the time of Chiles's offense, namely 18 U.S.C. § 3583(e)(3), did not permit the reimposition of supervised release after reimprisonment; and (2) the district court impermissibly allowed the videotape of the domestic assault to be shown during the revocation hearing. Chiles's first claim does not undercut the reasonableness of his sentence because, as discussed above, 18 U.S.C. §3583(e)(3) does permit a district court to impose additional terms of supervised release. *See Johnson*, 529 U.S. at 703-13.

Chiles's second claim that the videotape constituted inadmissible hearsay evidence and thus should not have been viewed by the district court is equally meritless. A district court may consider hearsay evidence during a sentencing hearing as long as the evidence "bears some minimal indicia of reliability in respect of defendant's right of due process." *United States v. Silverman*, 976 F.2d 1502, 1511 (6th Cir.1992) (en banc) (quotation omitted), *cert. denied*, 507 U.S. 990 (1993). In order to challenge the evidence, a defendant must show that the evidence is (1) "materially false or unreliable;" and (2) that the "information actually served as the basis for the sentence." *Id*. at 1512 (quotation omitted). Chiles does not contend that the videotape was materially false or unreliable. In fact, Chiles expressly acknowledged at the hearing that he assaulted his girlfriend. His only argument before the district court was that the assault was justified. Thus, we conclude that the district court's admission of the tape was permissible and did not result in an unreasonable sentence. We therefore conclude that Chiles has not established that the sentence imposed by the district court was unreasonable.

5

## C. Eighth Amendment

Chiles's final contention is that his sentence violates the Eighth Amendment. Chiles asserts that his sentence constitutes cruel and unusual punishment because the length of the time he has spent in prison or on supervised release is disproportionate to the gravity of his crime. We review Chiles's Eighth Amendment claim de novo. *United States v. Knipp*, 963 F.2d 839, 843 (6th Cir.1992) (noting that constitutional concerns, as questions of law, are reviewed de novo). The Eighth Amendment "does not mandate strict proportionality between crime and sentence." *United States v. Olan-Navarro,* 350 F.3d 551, 554 (6th Cir. 2003) (citing *Harmelin v. Michigan,* 501 U.S. 957, 1001 (1991) (Kennedy, J., concurring in part and concurring in judgment)). Instead, the Eighth Amendment prohibits only those sentences that are "grossly disproportionate" to the crime. *Id.* Chiles's sentence, even when examined in the aggregate, is not so grossly disproportionate to the underlying offense so as to violate the Eighth Amendment. To date, Chiles has been sentenced to a combined term of 52 months of imprisonment (of which eight months were in a half-way house) and six years of supervised release. For his second supervised release revocation, Chiles received a sentence of six months of imprisonment and two years of supervised release. Neither Chiles's current sentence nor his aggregate sentence exceeds the statutory maximum sentence authorized by the statute applicable to Chiles's offense. *See* 21 U.S.C. § 841(b)(1)(C); *United States v. Abbington*, 144 F.3d 1003, 1006 (6th Cir.), *cert. denied*, 525 U.S. 933 (1998) (determining that 21 U.S.C. § 841(b)(1)(C) does not limit the length of supervised release a district court may order). Given that Chiles's sentence falls well within the authorized statutory range and Chiles's sentence, as discussed above, is not plainly unreasonable, we conclude that Chiles's sentence does not violate the Eighth Amendment.

## III. CONCLUSION

For the reasons discussed above, we **AFFIRM** the district court's judgment.