NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0022n.06
Filed: January 13, 2009

Nos. 06-4448, 06-4615, 07-3271, 07-3272

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| GEORGE LEBREUX (No. 06-4448), | ) | COURT FOR THE NORTHERN |
| JAMIE MOORE (No. 06-4615), | ) | DISTRICT OF OHIO |
| CLEMENT STRATMAN, III (No. 07-3271), and | ) | |
| JOHN ROBERT SHREWDER (No. 07-3272), | ) | |
| | ) | |
| Defendants-Appellants. | ) | |

Before: DAUGHTREY and KETHLEDGE, Circuit Judges, and RESTANI, Judge.[*]

RESTANI, Judge. In June 2002, the Federal Drug Enforcement Agency and the Ohio Bureau of Criminal Identification and Investigation began investigating Michael Higgins, Marteeastaye Edwards, and others involved in an enterprise that distributed "Club Drugs," including methamphetamine, crystal methamphetamine, and 3,4-methylenedioxymethamphetamine ("MDMA"), otherwise known as "Ecstasy." In 2006, Defendants-Appellants George Lebreux, Jamie Moore, Clement Stratman, III, and John Robert Shrewder pled guilty before the United States District Court for the Northern District of Ohio to offenses based on their involvement in the

_____

[*] Honorable Jane A. Restani, Chief Judge of the United States Court of International Trade, sitting by designation.

Nos. 06-4448, 06-4615, 07-3271, 07-3272
*United States v. Lebreux, et al.*

enterprise. Moore[1] appeals his conviction, asserting a violation of the Double Jeopardy Clause of the Fifth Amendment. Lebreux,[2] Stratman,[3] and Shrewder[4] appeal their sentences. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We dismiss Lebreux's appeal, affirm Moore's conviction, and affirm Stratman's and Shrewder's sentences.

## I. LEBREUX

We dismiss Lebreux's sentencing appeal because in his plea agreement, Lebreux expressly waived his right to appeal his sentence if the sentence was within the range contemplated in the plea agreement. The plea agreement contemplated a total offense level of 32 and stipulated that the district court would determine Lebreux's criminal history category, although the parties believed Lebreux probably would have a criminal history category of II and an advisory range of 135 to 168 months. The district court ultimately set Lebreux's total offense level at 32, with a criminal history

---

[1] Moore pled guilty to conspiracy to distribute and to possess with the intent to distribute MDMA, a controlled substance, and to distribution of MDMA, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846, and the district court sentenced him to imprisonment for 24 months, supervised release for 3 years, and a $300 assessment.

[2] Lebreux pled guilty to conspiracy to distribute and to possess with intent to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846, and the district court sentenced him to 151 months of imprisonment, supervised release for 5 years, and a $100 assessment.

[3] Stratman pled guilty to conspiracy to distribute and to possess with the intent to distribute controlled substances and to distribution of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846, and the district court sentenced him to 130 months of imprisonment, supervised release for 5 years, and a $300 assessment.

[4] Shrewder pled guilty to conspiracy to distribute and to possess with the intent to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846 and the district court sentenced him to 170 months of imprisonment, 3 years of supervised release, and a $100 assessment.

category of I, and sentenced Lebreux to 151 months of imprisonment, within the corresponding advisory range of 121 to 151 months. The court "reviews the question of whether a defendant waived his right to appeal his sentence in a valid plea agreement de novo." United States v. Smith, 344 F.3d 479, 483 (6th Cir. 2003). "Criminal defendants may waive their right to appeal as part of a plea agreement so long as the waiver is made knowingly and voluntarily." United States v. Swanberg, 370 F.3d 622, 625 (6th Cir. 2004). A waiver is made knowingly and voluntarily if the defendant confirms understanding and agreement to the waiver after the district court has explained the waiver. See id. at 626. Here, the District Court explained the waiver to Lebreux and asked Lebreux if he understood it, and Lebreux responded, "[y]es." (J.A. 550–51.) Because Lebreux understood and agreed to his plea agreement, he knowingly and voluntarily waived his right to appeal.

## II. MOORE

Moore claims that his federal conviction violates the Double Jeopardy Clause because in 2003, he was convicted in an Ohio state court of trafficking in drugs based on the same conduct. Because Moore did not raise a double jeopardy claim before the district court, we review his claim for plain error. See United States v. Branham, 97 F.3d 835, 842 (6th Cir. 1996). Moore's claim lacks merit, as successive state and federal prosecutions based on the same conduct do not violate the Double Jeopardy Clause because the state and federal governments are separate sovereigns. See, e.g., Abbate v. United States, 359 U.S. 187, 193–96 (1959) (reaffirming United States v. Lanza, 260 U.S. 377 (1922)); United States v. Louisville Edible Oil Prods., Inc., 926 F.2d 584, 587 (6th Cir. 1991). Although the Supreme Court has suggested that two sovereigns may not prosecute for the

same conduct if one sovereign was "a tool" of the other or one prosecution "was a sham and a cover for" the other, Bartkus v. Illinois, 359 U.S. 121, 123–24 (1959), both sovereigns may prosecute if their law enforcement authorities have merely cooperated with each other, see id. at 123; United States v. Djoumessi, 538 F.3d 547, 550–51 (6th Cir. 2008). Moore does not allege either occurrence, and the record indicates only cooperation between the federal and state law enforcement authorities. The Double Jeopardy Clause therefore did not bar Moore's federal prosecution.

### III. STRATMAN

Stratman argues that he should have received a downward departure from the guideline range or a sentencing variance based on sentencing entrapment or outrageous government conduct. He claims that a government cooperating witness ("CW"), who posed as a former lawyer who could provide assistance to Stratman's incarcerated partner, induced Stratman to sell larger amounts of drugs than he normally would. Stratman's argument fails.

A district court's sentencing determinations are reviewed for reasonableness under the abuse of discretion standard. Gall v. United States, __ U.S. __, 128 S. Ct. 586, 594 (2007). We cannot review a district court's denial of a downward departure unless the court "(1) improperly computed the guideline range; (2) was unaware of its discretion to depart downward from the guideline range; or (3) imposed the sentence in violation of law or as a result of the incorrect application of the Sentencing Guidelines." United States v. May, 399 F.3d 817, 827 (6th Cir. 2005) (internal quotations and citation omitted). Stratman does not allege that any of these exceptions are present.

Even if we could review the denial of the downward departure, we have never recognized the theory of sentencing entrapment. See United States v. Gardner, 488 F.3d 700, 716–17 (6th Cir.

2007); <u>Sosa v. Jones</u>, 389 F.3d 644, 648–49 (6th Cir. 2004).  Nevertheless, the district court explicitly considered Stratman's theory of sentencing entrapment,[5] but found it inapplicable to Stratman's case because Stratman admitted he was part of the drug conspiracy long before he met the CW, had a central role in the drug enterprise, and sold large amounts of drugs for profit to many people, not just the CW.  There is also no indication in the record that Stratman demonstrated any hesitation in supplying the large amounts of crystal methamphetamine to the CW.

Further, a review of the district court's decision to not impose a lower sentence under 18 U.S.C. § 3553(a) reveals that Stratman's sentence was reasonable.  The district court found sufficient evidence to support its guideline determination and addressed the section 3553(a) factors, but did not sentence Stratman at the bottom of the guideline range because of his serious role in the drug conspiracy, which included the large quantity of drugs he made available to a large number of people in a wide geographic area.  Accordingly, the district court imposed a reasonable sentence and did not abuse its discretion in refusing to impose a reduced sentence based on sentencing entrapment, outrageous government conduct, or other similar theories.

## IV.  SHREWDER

Shrewder argues that his sentence of imprisonment for 170 months violates the Eighth Amendment because there were significant disparities between his sentence and the sentences of other co-defendants, particularly his daughter, Tracy Shrewder, who was sentenced to 97 months of

---

[5] The <u>defense</u> of entrapment or inducement cannot be established if the government merely provided the opportunity to commit the crime to a defendant predisposed to commit it, and the defendant took advantage of the opportunity.  <u>See</u> <u>Jacobson v. United States</u>, 503 U.S. 540, 548–50 (1992); <u>United States v. Kussmaul</u>, 987 F.2d 345, 349 (6th Cir. 1993).

imprisonment, and because, as a seventy-year-old man in failing health, he will likely die in prison.

Upon de novo review of Shrewder's constitutional sentencing challenge, see United States v. Martin, 526 F.3d 926, 941 (6th Cir. 2008), we conclude it also fails.[6]

The Eighth Amendment forbids cruel and unusual punishments and "contains a 'narrow proportionality principle' that 'applies to noncapital sentences.'" United States v. Olan-Navarro, 350 F.3d 551, 554 (6th Cir. 2003) (quoting Ewing v. California, 538 U.S. 11, 20 (2003) (plurality opinion)).  This prohibition, however, applies only to sentences that are "grossly disproportionate" to the crime.  Id.

Shrewder has not demonstrated that his sentence was grossly disproportionate to the crime he committed or to the sentences of his co-defendants.  The district court spent considerable time calculating the applicable guideline range.  The district court found sufficient evidence to set Shrewder's base offense level at 38 and to apply a 2-level enhancement under U.S.S.G. § 2D1.1(b)(1) for possession of dangerous weapons and a 3-level enhancement under U.S.S.G. § 3B1.1(b) for Shrewder's aggravated role in the conspiracy.  The district court then applied a 3-level reduction for acceptance of responsibility and a 1-level reduction for substantial assistance, resulting in an offense level of 39 and a guideline range of 262 to 327 months' imprisonment.  The district court then carefully considered the § 3553(a) factors, varied downward to an offense level of 35, and

---

[6] The Government asserts that because Shrewder "did not specifically argue an Eighth Amendment violation" in the district court, plain error is the proper standard of review. (Appellee's Br. 42.)  Nevertheless, because the sentencing judge did not inquire as to whether the parties had objections to the sentence, see J.A. 994–95, Shrewder is not required to demonstrate plain error on appeal, see United States v. Bostic, 371 F.3d 865, 872 (6th Cir. 2004).

imposed 170 months of imprisonment, which was within the guideline range of 168 to 210 months for that offense level.

Contrary to Shrewder's contentions, the district court explicitly considered his age, mental condition, and physical problems when applying the § 3553(a) factors and allowed a 4-level variance because of these concerns. Notably, the district court highlighted the fact that this variance permitted the court to place Shrewder in a range that made "sense along with the other people, who we have been sentencing in your case. So you're not completely out of whack."[7] (J.A. 991–92.) Shrewder's sentence was not identical to the other co-defendants, and specifically his daughter, because of the evidence demonstrating his aggravated leadership role and firearm possession, which enhanced his offense level. Accordingly, the district court imposed a sentence that was not grossly disproportionate and reflected both the seriousness of Shrewder's conduct and his personal characteristics.[8]

## V.  CONCLUSION

Accordingly, we **DISMISS** Lebreux's appeal, **AFFIRM** Moore's conviction, and **AFFIRM** Stratman's and Shrewder's sentences.

---

[7] For example, Higgins also received 170 months of imprisonment.

[8] To the extent that Shrewder may be making other challenges to the district court's sentencing determination, these challenges, when reviewed for reasonableness under an abuse of discretion standard, would also fail.